# +IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 11-40085-JAR-01 |
| **RICHARD ADRIAN SANCHEZ,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

On July 31, 2012, a jury found Defendant Richard Adrian Sanchez was guilty of one count of intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).[1] On October 31, 2012, this Court sentenced Defendant to 262 months' imprisonment.[2] This matter is now before the Court on Defendant's motion seeking a reduction in sentence based upon Amendment 794 to the United States Sentencing Guidelines ("USSG") (Doc. 126). For the reasons explained below, Defendant's motion is dismissed for lack of jurisdiction.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[3] Because Defendant is not raising this claim on direct appeal or in a 28 U.S.C. § 2255 motion for habeas relief, "the district court's discretionary authority is expressly limited by the scope of [18 U.S.C.] § 3582(c)."[4]

---

[1] Doc. 64.

[2] Doc. 74.

[3] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotations omitted).

[4] *See United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009).

1

Unless the motion asserts a "basis for resentencing [that] falls within one of the specific categories authorized by § 3582(c), the district court lack[s] jurisdiction" to consider the sentencing modification request.[5]  Under § 3582(c), a court may reduce a defendant's previously imposed sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [USSG. § 1B1.10(d)]."[6] "But, if the relied upon amendment is not listed, 'a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is not authorized.'"[7]

On November 1, 2015, approximately three years after Defendant was sentenced, the United States Sentencing Commission passed Amendment 794,  reinterpreting how to determine Sentencing Guidelines adjustments for a minor role in the offense under USSG § 3B1.2. Defendant argues that Amendment 794 should be deemed retroactive and that this Court should consider a minor role adjustment of his sentence under that amendment.  Defendant's argument is misplaced.  The Tenth Circuit rejected Amendment 794 as a basis for post-conviction sentencing reductions in *United States v. Ramirez*, because that amendment "is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission."[8]  Accordingly, this Court lacks jurisdiction to consider Defendant's motion.[9]

---

[5] *Smartt*, 129 F.3d at 541.

[6] USSG § 1B1.10(a)(1); *see United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) ("Courts may grant a sentence reduction under § 3582(c)(2) only where the Sentencing Commission has lowered a prisoner's applicable guideline range.").

[7] *United States v. Hutching*, 743 F. App'x 898, 900 (10th Cir. 2018) (quoting *United States v. Torres-Acquino*, 334 F.3d 939, 940 (10th Cir. 2003) (quotations omitted)); *see also* USSG § 1B1.10(a)(2)(A).

[8] 698 F. App'x 943, 945 (10th Cir. 2017); *Hutching*, 743 F. App'x at 900 (applying *Ramirez*).

[9] *Id.*

Defendant's reliance on the decision of the Ninth Circuit in *United States v. Quintero-Leyva*[10] in support of his argument that the amendment should be applied retroactively is also unavailing.  In that case, the court determined that Amendment 794 was a clarifying amendment that "applies retroactively to direct appeals."[11]  Under Tenth Circuit precedent, however,

> [T]he question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).[12]

Thus, whether Amendment 794 is clarifying or substantive is not properly the subject of a motion under § 3582(c)(2).[13]  Section 3582(c)(2) "simply authorizes reduction of a sentence based on an amendment to the guidelines, not correction of a sentence that was improper from the outset."[14]  Defendant is simply not eligible for the relief he seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence (Doc. 126) is DISIMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 26, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10] 823 F.3d 519 (9th Cir. 2016).

[11] *Id.* at 523.

[12] *Torres-Aquino*, 334 F.3d at 941.

[13] *Id.*; *Ramirez*, 698 F. App'x at 945.

[14] *United States v. Golden*, 668 F. App'x 335, 336 (10th Cir. 2016).

3