## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                              Case No. 11-40085-JAR-01

RICHARD ADRIAN SANCHEZ,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Richard Adrian Sanchez's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 128) and Motion for Appointment of Counsel (Doc. 129). For the reasons explained below, Sanchez's motion for compassionate release is dismissed for lack of jurisdiction, and his motion for appointment of counsel is denied.

### I.    Background

On July 31, 2012, a jury convicted Sanchez of possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).[1] On October 31, 2012, Sanchez was sentenced to 262 months' imprisonment, a five-year term of supervised release, and a $100 special assessment.[2] The Tenth Circuit Court of Appeals affirmed Sanchez's conviction and sentence.[3]

---

[1] Doc. 64.

[2] Doc. 74.

[3] *United States v. Sanchez*, 553 F. App'x 842 (10th Cir. 2014).

On March 26, 2015, Sanchez filed a motion for post-conviction relief under 28 U.S.C. § 2255,[4] which this Court denied.[5]  The Tenth Circuit denied Sanchez a certificate of appealability and dismissed his § 2255 appeal.[6]  Then, on July 13, 2020, Sanchez filed a motion for a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines.[7]  That motion was dismissed for lack of jurisdiction.[8]

Sanchez is currently incarcerated at FCI Big Spring in Texas.  As of December 14, 2020, the Bureau of Prisons ("BOP") reports that 811 inmates have tested positive for COVID-19 out of 961 inmates tested at this facility.[9]  The BOP further reports that there are ninety active inmate case, six active staff cases, and three inmate deaths at FCI Big Spring.[10]

Sanchez is fifty-two years old, and his anticipated release date is July 28, 2026.

On November 30, 2020, Sanchez filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[11]  In support of his motion, Sanchez states that he suffers from a series of medical conditions, including, among others, hypertension, hyperlipidemia, arthritis, and antineutrophilic cytoplasmic antibody vasculitis.[12]  Sanchez also states that, "for the most part, he is confined to a wheelchair" and that he "experiences severe numbness and pain in his hips, bilateral knee, feet, and ankles causing constant flare-ups and hypertension."[13]  His underlying

---

[4] Docs. 110, 111.

[5] Doc. 118.

[6] *United States v. Sanchez*, 669 F. App'x 950 (10th Cir. 2016).

[7] Doc. 126.

[8] Doc. 127.

[9] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 14, 2020).  Three tests remain pending.  *Id.*

[10] *Id.*

[11] Doc. 128.

[12] *Id.* at 2–3.

[13] *Id.* at 3.

medical conditions, he asserts, increase his risk of severe complications should he contract COVID-19 while in prison.[14]  Sanchez requests that the Court reduce his term of imprisonment to time served.  The government opposes Sanchez's motion, contending that he fails to satisfy § 3582(c)'s exhaustion requirement.[15]  Sanchez has also filed a motion requesting the appointment of counsel.[16]

## II.   Legal Standard

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.[17]  18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the Director of the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act amended the compassionate release statute, empowering a defendant to request compassionate release for "extraordinary and compelling reasons."[18]  But a defendant may file a motion for compassionate release only after they have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[19]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[20]

---

[14] *Id.* at 4.

[15] Doc. 131.

[16] Doc. 129.

[17] 18 U.S.C. § 3582(c); *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[18] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[19] 18 U.S.C. § 3582(c)(1)(A).

[20] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan.

### III.    Discussion

#### A.    Exhaustion

As the government points out, Sanchez makes no reference to any attempts to exhaust his administrative remedies.  Sanchez does not indicate that he has requested compassionate release from the warden at his facility and thirty days have passed since making the request, nor does he indicate that he has exhausted all of his administrative rights to appeal the BOP's failure to bring a compassionate release motion on his behalf.  Because neither condition of § 3582(c) is met, this Court lacks jurisdiction over Sanchez's motion.

Given the Court's conclusion that Sanchez has not exhausted his administrative remedies, and it consequently does not have jurisdiction over his motion, it does not decide whether Sanchez has established extraordinary and compelling reasons for his release.  Though the Court is sympathetic to Sanchez's health issues and the exigent circumstances surrounding the COVID-19 pandemic, the Court "may not take action where it lacks statutory authorization to do so."[21]

#### B.    Counsel

Sanchez requests the appointment of counsel to assist him with his compassionate release motion.  There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[22]  Under Standing Order 19-1, however, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was

---

2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional); *cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[21] *United Stats v. Perry*, No. 18-CR-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020).

[22] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion." (citations omitted)).

supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  Here, the FPD notified the Court that it does not intend to enter an appearance to represent Sanchez.  Accordingly, Sanchez has no right to counsel.  Moreover, Sanchez's motion demonstrates that he adequately articulates his arguments for release.  Thus, the Court denies his motion to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Richard Adrian Sanchez's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 128) is **DISMISSED without prejudice for lack of jurisdiction**.

**IT IS FURTHER ORDERED BY THE COURT** that Sanchez's Motion for Appointment of Counsel (Doc. 129) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 15, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE