IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                               Case No. 11-40085-01-JAR

RICHARD ADRIAN SANCHEZ,

     Defendant.

## MEMORANDUM AND ORDER

Defendant Richard Adrian Sanchez is serving a sentence of 262 months' imprisonment for possession with intent to distribute more than 500 grams of methamphetamine.[1]  The Court previously dismissed Sanchez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for lack of jurisdiction because Sanchez did not allege that he had satisfied the applicable exhaustion requirement.[2]  This matter is now before the Court on Sanchez's Motion to Reconsider (Doc. 133).  For the reasons explained below, the Court grants Sanchez's motion.

I.     **Background**

On July 31, 2012, a jury convicted Sanchez of possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).[3]  On October 29, 2012, Sanchez was sentenced to 262 months' imprisonment, a five-year term of supervised release, and a $100 special assessment.[4]  On appeal, the Tenth Circuit Court of Appeals affirmed the judgment of conviction.[5]

---

[1] Docs. 74.

[2] Doc. 132.  The Court also denied Sanchez's motion to appoint counsel.  *Id.*

[3] Doc. 64.

[4] Doc. 74.  Judgment was entered on October 31, 2012.

[5] *United States v. Sanchez*, 553 F. App'x 842 (10th Cir. 2014).

Defendant subsequently filed a motion for post-conviction relief under 28 U.S.C. § 2255,[6] which this Court denied.[7]  The Tenth Circuit denied Sanchez a certificate of appealability and dismissed his appeal.[8]  Then, on July 13, 2020, Sanchez filed a motion seeking a reduction in sentence based on Amendment 794 to the United States Sentencing Guidelines.[9] The Court dismissed the motion for lack of jurisdiction.[10]

Sanchez is incarcerated at FCI Big Spring in Texas.  The Bureau of Prisons ("BOP") reports that 764 inmates have tested positive for COVID-19 out of 989 inmates tested at this facility.[11]  The BOP further reports that there are five active inmate case, eleven active staff cases, and three inmate COVID-19-related deaths at FCI Big Spring.[12]

Sanchez is fifty-two years old, and his projected release date is August 24, 2026.

On November 30, 2020, Sanchez filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[13]  In support of his motion, Sanchez explained that he suffers from a series of medical conditions, including, among others, hypertension, hyperlipidemia, gout, systemic lupus erythematosus, osteoarthritis, and antineutrophilic cytoplasmic antibody vasculitis.[14]  His underlying medical conditions, he argued, substantially diminish his ability to provide self-care within the environment of a correctional facility and

---

[6] Doc. 110.

[7] Doc. 118.

[8] *United States v. Sanchez*, 669 F. App'x 950 (10th Cir. 2016).

[9] Doc. 126.

[10] Doc. 127.

[11] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Feb. 9, 2021).

[12] *Id.*

[13] Doc. 128.

[14] *Id.* at 2–3.

increase his risk of severe complications should he contract COVID-19 while in custody.[15]
Sanchez requested that the Court reduce his term of imprisonment to time served.  However, he
does not have an approved release plan.  On December 15, 2020, the Court dismissed his motion
for lack of jurisdiction because Sanchez did not demonstrate that he satisfied the applicable
exhaustion requirement.[16]

Sanchez subsequently sent a letter to the Court intending, it appeared, to reply to the
government's response opposing his motion on exhaustion grounds.[17]  Sanchez enclosed a copy
of the letter he sent to the warden of FCI Big Spring requesting compassionate release and a
copy of the warden's denial of the request.[18]  Because the Order dismissing Sanchez's motion for
compassionate release had already been issued, the Court construed the communication as a
motion for reconsideration and ordered the government to respond.[19]  The government timely
responded.[20]

## II.  Legal Standard

It is well-settled in the Tenth Circuit that "[a] district court is authorized to modify a
[d]efendant's sentence only in specified instances where Congress has expressly granted the
court jurisdiction to do so."[21]  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step
Act of 2018,[22] a defendant may move for a sentence reduction "after the defendant has fully

---

[15] *Id.* at 3–4.

[16] Doc. 132 at 4.

[17] Doc. 133.

[18] *See id.*

[19] Doc. 134.

[20] Doc. 135.

[21] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[22] Pub. L. No. 115-391, 132 Stat. 5194.

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  A court may reduce the defendant's term of imprisonment if, after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[23]  The Tenth Circuit has held that "[u]nless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[24]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary and compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory or the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to

___

[23] 18 U.S.C. § 3582(c)(1)(A).

[24] *United States v. Saldana*, 807 F. App'x 816, 819–20 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating a district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction because the Tenth Circuit "require[s] the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction"); *see also United States v. Poutre*, --F. App'x--, No. 20-8043, 2021 WL 271948, at *1 (10th Cir. 2021) ("Our cases [] require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction.").

serve as a caregiver for a minor child, spouse, or registered partner; and (4) other reasons as determined by the director of the BOP.[25]  A defendant requesting compassionate release bears the burden of establishing that a sentence reduction is warranted under the statute.[26]

## III.   Discussion

### A.      Exhaustion

Sanchez requested compassionate release from the warden of FCI Big Spring on September 2, 2020, and the warden received the request October 22, 2020.  The government does not dispute that Sanchez has satisfied the applicable exhaustion requirement.  Because more than thirty days have passed since the warden received Sanchez's request, the Court proceeds to consider the merits of the motion.

### B.      Extraordinary and Compelling Reasons

The Court must determine whether extraordinary and compelling reasons warrant a reduction in Sanchez's sentence under § 3582(c)(1)(A).  Sanchez asserts that his underlying medical conditions, coupled with the ongoing COVID-19 pandemic, constitute an extraordinary and compelling reason for a sentence reduction.  According to the government, Sanchez's medical records confirm that he suffers from hypertension, hyperlipidemia, gout, systemic lupus erythematosus, glaucoma, and degenerative osteoarthritis, although he has "not been compliant with medications as prescribed."[27]

Further, Sanchez uses a walker but, for the most part, he is confined to a wheelchair. Sanchez states that he "experiences severe numbness and pain in his hips, bilateral knee, feet,

---

[25] U.S.S.G. § 1B1.13 cmt. n.1.

[26] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[27] Doc. 135 at 18.

and ankles[,] causing constant flare-ups and hypertension."[28]  Due to his medical conditions, Sanchez can only "accomplish two out of six activities of daily living at this time."[29]  Sanchez argues that his underlying medical conditions, from which he is not expected to recover, substantially diminish his ability to provide self-care within the environment of a correctional facility.  He also argues that his medical conditions place him at an increased risk of serious illness should he contract COVID-19 while in prison.

The government contends, and the Court agrees, that per Department of Justice policy and Centers for Disease and Control and Prevention guidance, Sanchez's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason for a sentence reduction.  But the government argues that, when balanced with the 18 U.S.C. § 3553(a) sentencing factors, Sanchez fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court proceeds to consider the § 3553(a) factors.

### C.      Section 3553(a) Factors

The Court next considers whether a sentence reduction in Sanchez's case would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and

---

[28] Doc. 128 at 3.

[29] *Id.*

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.[30]

While the Court takes all seven § 3553 factors into account, those most pertinent to Sanchez's case are the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes.

The Court finds that the § 3353(a) factors support the reduction of Sanchez's sentence. To be sure, the nature and circumstances of the offense are serious. Sanchez was convicted of possession with the intent to distribute over 500 grams of methamphetamine. At the same time, he has been in custody since 2011, and further incarceration—under the current circumstances— is not necessary to promote respect for the law, to provide just punishment and adequate deterrence to criminal conduct, or to protect the public. This was Sanchez's first drug offense, albeit a serious one, and he has no convictions for violent offenses involving firearms. As the government puts it, Sanchez's criminal history is lengthy but "rather benign."[31] The Court cannot find, and the government does not argue, that Sanchez poses a danger to society. And, at over fifty years old, Sanchez presents a statistically lower risk of recidivism.[32]

---

[30] 18 U.S.C. § 3553(a).

[31] Doc. 135 at 20.

[32] *See* U.S. Sentencing Comm'n, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 12 (2004), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf ("Recidivism rates decline relatively consistently as

Moreover, Sanchez has served his sentence while battling numerous health conditions and experiencing significant pain.  "This means that his sentence has been significantly more laborious and difficult than that served by most inmates.  It also means that further incarceration in his condition would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2)."[33]

In light of Sanchez's current medical conditions, the looming risk of severe illness from COVID-19, and the applicable sentencing factors under § 3353(a), the Court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes.  Thus, the Court grants Sanchez's motion and reduces his sentence of 262 months to time served, with a five-year term of supervised release to start immediately upon his release.

Sanchez does not have an approved release plan.  Accordingly, the United States Probation Office submitted a Probation Form 12B modifying the conditions that Sanchez will be subject to during his term of supervised release to include conditions that would allow him to obtain emergency housing and to remain housed in a residential reentry center until he secures an appropriate residence.  Sanchez executed a waiver of hearing to modify the conditions of his supervised release in accordance with the Probation Form 12B.  The Court, having reviewed the form submitted by the United States Probation Office, found probable cause and has issued a signed copy of the Probation Form 12B authorizing the modification.

---

age increases. . . .  Among all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent."); *accord United States v. Rios*, No. 3:94CR112, 2020 WL 7246440, at *4 (D. Conn. Dec. 8, 2020).

[33] *United States v. Gray*, 416 F. Supp. 3d 784, 790 (S.D. Ind. 2019); *see also United States v. Beck*, 425 F. Supp. 3d 573, 586 (M.D.N.C. 2019); *United States v. Conner*, 465 F. Supp. 3d 881, 893 (N.D. Iowa 2020).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Richard Adrian Sanchez's Motion for Reconsideration (Doc. 133) is **GRANTED**.  The Court reduces Sanchez's sentence to time served.

**IT IS FURTHER ORDERED** that this Order is stayed until **Tuesday, February 16, 2021**.  Sanchez's term of supervised release will begin immediately upon his release from the Bureau of Prisons.  All previously imposed terms and conditions of Sanchez's term of supervised release, as modified by the Court on February 10, 2021, shall remain in effect.

**IT IS SO ORDERED.**

Dated: February 10, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE